**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1302C
Filed October 17, 2016
NOT FOR PUBLICATION

**FILED**
**OCT 17 2016**
**U.S. COURT OF FEDERAL CLAIMS**

|   |   |
|---|---|
| MILLIE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; Rule 12(h)(3), Subject-Matter Jurisdiction. |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Millie Howard*, New Richmond, OH, plaintiff *pro se*.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I.   INTRODUCTION

Plaintiff *pro se*, Millie Howard, brought this action challenging the decision of the United States District Court for the Southern District of Ohio to dismiss her claim for retirement benefits under the Railroad Retirement Act, 45 U.S.C. § 231, *et seq. See generally* Compl. For the reasons set forth below, the Court **DISMISSES** plaintiff's claim for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

### II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.   Factual And Procedural Background

Plaintiff *pro se*, Millie Howard, commenced this action on October 6, 2016, challenging the decision of the United States District Court for the Southern District of Ohio to dismiss her claim

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."); plaintiff's complaint before the United States District Court for the Southern District of Ohio ("Complaint, *Howard v. United States R.R. Retirement Board*, No. 15-679 (S.D. Ohio Oct. 19, 2015)"); and the Opinion and Order issued by the United States District Court for the Southern District of Ohio, dated September 15, 2016 ("Opinion and Order, *Howard v. United States R.R. Retirement Board*, No. 15-679 (S.D. Ohio Sept. 15, 2016)").

for retirement benefits under the Railroad Retirement Act. *See generally* Compl. In the complaint, plaintiff alleges that she is entitled to receive a widow annuity under the Railroad Retirement Act, due to her deceased husband's employment with the Norfolk Southern Railroad. *Id.* at 1. Plaintiff further alleges that the United States Railroad Retirement Board ("USRRB") improperly denied her claim for these benefits and that she was "fraudulently transferred to the Social Security Administration." *Id.*

Prior to commencing this action, plaintiff filed litigation in the United States District Court for the Southern District of Ohio challenging the USRRB's decision to deny her benefits. Complaint, *Howard v. United States R.R. Retirement Board*, No. 15-679 (S.D. Ohio Oct. 19, 2015). The district court dismissed plaintiff's claim on September 15, 2016. Opinion and Order, *Howard v. United States R.R. Retirement Board*, No. 15-679 (S.D. Ohio Sept. 15, 2016). In addition, the district court denied plaintiff's motion to transfer the case to this Court on September 15, 2016. *Id.*

In this litigation, plaintiff seeks a review of the district court's decisions to dismiss her claim and to deny her motion to transfer. Compl. at 2. Plaintiff also requests that the Court appoint a special prosecutor "to examine the merits, the record, documentary evidence, and applicable statutory law and render a decision." *Id.*

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleadings requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; internal quotation omitted).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, No. 2014-5029, 2015 WL 2343578, at *1 (Fed. Cir. May 18, 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.")

### B.     The Tucker Act And RCFC 12(h)(3)

The United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, it is well established that the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *see*

3

*also Jones v. United States*, No. 15-1044, 2016 WL 447144, *1 (Fed. Cl. Feb. 4, 2016). And so, the Court must dismiss a claim seeking to review the decisions of district courts for lack of subject-matter jurisdiction. *Id.*

It is also well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citations omitted). "[A] court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc., v. OEA Inc.*, 269 F.3d 1340, 1342 (Fed. Cir. 2001) (citations omitted).

In addition, "[a] court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). To that end, the Court may not allow any matter to proceed that alleges a basis for jurisdiction "'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Kroll v. Finnerty*, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). And so, should the Court determine at any stage during litigation that it lacks subject-matter jurisdiction, the Court must dismiss the action. RCFC 12(h)(3).

## IV. DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim

When read in the light most favorable to plaintiff, the complaint demonstrates that the Court does not possess subject-matter jurisdiction to entertain plaintiff's claim. RCFC 12(h)(3). In the complaint, plaintiff requests that the Court review the decision of the United States District Court for the Southern District of Ohio to dismiss her claim for railroad retirement benefits. *See generally* Compl. Plaintiff also requests that the Court review the district court's decision to deny her motion to transfer that claim to this Court. *Id.* at 1-2.

The United States Court of Appeals for the Federal Circuit has held that the United States Court of Federal Claims does not possess jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua*, 17 F.3d at 380. Because plaintiff

acknowledges in her complaint that this is precisely the relief that she seeks here, the Court does not possess subject-matter jurisdiction to consider plaintiff's claim. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3).

## V. CONCLUSION

In sum, when read in the light most favorable to plaintiff, the complaint in this matter demonstrates that the Court does not possess subject-matter jurisdiction to entertain plaintiff's claim. And so, the Court **DISMISSES** the complaint pursuant to RCFC 12(h)(3).

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge